# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES MALCOLM MCDONALD,**

    **Plaintiff,**

v.                             Case No. 18-CV-123

**KENOSHA COUNTY CORRECTIONAL HEALTH SERVICES,
DIRECTOR DENISE, and
NURSE SAMANTHA,**

    **Defendants.**

## ORDER

Plaintiff James McDonald, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his constitutional rights are being violated, along with a motion for leave to proceed without prepayment of the filing fee. This order resolves McDonald's motion and screens his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their cases without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is

that they pay an initial partial filing fee. On February 8, 2018, the court waived McDonald's obligation to pay an initial partial filing fee because he has neither the assets nor the means to do so. The court gave him until March 2, 2018, to notify it if he would like to voluntarily dismiss this case to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g). From McDonald's silence, the court infers that he would like to proceed with this case. Accordingly, the court will grant McDonald's motion to proceed without prepayment of the filing fee. He must pay the $350 filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him

by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

McDonald alleges that he has been incarcerated at the Kenosha County Jail since August 20, 2017. (ECF No. 1 at 2.) Since then, he has written numerous sick call slips and has been seen by members of the nursing staff, including Nurse Samantha, Health Services Director Denise, and others. McDonald alleges that he has been plagued with a sinus infection, severe sneezing, itching, and other problems. McDonald states that he has been given Zyrtec and another unidentified medication, neither of which has helped. McDonald has also sought replacement parts for his CPAP machine, which he brought to the jail. McDonald complains that he is indigent and unable to purchase the replacement parts himself.

McDonald also alleges that he has been charged nearly $230 for heart medications. He asserts that no one will schedule him an appointment with an outside doctor to determine why he is suffering from sinus issues. McDonald states that people talk to him like he is not a person and lie to him. According to McDonald, defendant

3

Nurse Samantha instructed him to purchase medication at the commissary, which she knows he cannot afford to do.

*The Court's Analysis*

Prison officials violate the Constitution's "proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id*.

McDonald states a deliberate indifference claim against Director Denise and Nurse Samantha based on his allegations that they have failed to adequately treat his repeated complaints of sneezing, itching, and other sinus discomfort and have refused to replace parts for or sanitize his CPAP machine. *See Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (per curium) (prisoner could prevail on Eighth Amendment claim with evidence that defendants "gave him a certain kind of treatment knowing that it was ineffective").

McDonald may also proceed against John and Jane Doe defendants based on these same allegations. Although McDonald names "Kenosha County Correctional Health Services" in the caption of his complaint, the court understands this designation to be shorthand for the unidentified nurses who examined him but allegedly failed to

4

address his medical needs. (ECF No. 1 at 2.) The Seventh Circuit Court of Appeals has repeatedly noted that "*pro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint." *Donald v. Cook County Sherrif's Dept.*, 95 F.3d 548, 559, 556 (7th Cir. 1996) (holding that a court may assist a *pro se* plaintiff who fails to explicitly name a John or Jane Doe defendant in the caption of the complaint).

*After* the named defendants respond to the complaint and *after* the court enters a scheduling order setting deadlines for discovery and the filing of dispositive motions, McDonald may use discovery to learn the real names of the Doe defendants. *See* Fed. R. Civ. P. 33, 34. Once he learns their real names, he should file a motion to substitute their real names for the Doe placeholders.

As McDonald considers which people to substitute for the Doe placeholders, he should remember that section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, co-workers are not responsible for the misconduct of those they work with, and supervisors are not responsible for the misconduct of their subordinates.

# ORDER

**IT IS THEREFORE ORDERED** that McDonald's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's office will update the caption to clarify that "Kenosha County Correctional Health Services" was merely another way of naming John and Jane Does.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendant Denise (the director of Kenosha County Correctional Health Services at the Kenosha County Jail) and Samantha (a nurse at Kenosha County Jail) pursuant to Federal Rule of Civil Procedure 4. McDonald is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give McDonald information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants Director Denise and Nurse Samantha shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of McDonald shall collect from his institution trust account the $350 filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McDonald is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with McDonald's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where McDonald is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that McDonald shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, McDonald need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. McDonald should also retain a personal copy of each document filed with the court.

McDonald is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of March, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge