UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

JAMES MALCOLM MCDONALD,

                Plaintiff,

v.                                              Case No. 18-cv-123-pp

DENISE GILANYI, *et al.*,

                Defendants.

___

**DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 11), DENYING PLAINTIFF'S MOTION TO WAIVE SERVICE FEE (DKT. NO. 13) AND DENYING AS PREMATURE THE PLAINTIFF'S LETTER MOTION TO DISPUTE FACTS ALLEGED IN ANSWER (DKT. NO. 23)**

___

       The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. The Prison Litigation Reform Act applies to this case because the plaintiff was in custody when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoner plaintiffs, to confirm that the complaint states a claim upon which relief can be granted and that it is not frivolous or malicious. 28 U.S.C. §1915A.

       On March 14, 2018, U.S. Magistrate Judge William Duffin (the judge assigned to this case at the time) screened the plaintiff's complaint and allowed him to proceed on a deliberate indifference claim against defendants Denise Gilanyi, Samantha Keeku and John and Jane Does. Dkt. No. 8. Judge Duffin ordered the U.S. Marshals Service to serve a copy of the complaint and his screening order on defendants Gilanyi and Keeku. Id. at 6. He informed the plaintiff that the fee for the waiver-of-service packages is $8.00 per item mailed

and that neither the court nor the Marshals Service has authority to waive the fee. Id.

On June 7, 2018, the plaintiff filed a motion asking the court to waive the service fee. Dkt. No. 13. He explains that he initially understood Judge Duffin's order to mean that the Marshals would serve the named defendants without him prepaying the service fee, but he now believes he must prepay the service fee before they will serve the named defendants. Id. He states that he does not have the money to pay the service fee, so he would like the court to waive the fee so that this case can proceed. Id.

As Judge Duffin explained in his screening order, Congress has not given the court or the U.S. Marshal the authority to waive the service fee, so the court must deny the plaintiff's request to waive that fee.

The plaintiff's initial impression of Judge Duffin's order was correct. The court ordered the marshals to serve the named defendants; that order did not depend on the plaintiff paying the service fee. Although Judge Duffin entered the order on March 14, the clerk's office didn't transmit the service packet to the Marshals until June 4. Dkt. No. 12. The delay in transmitting the service packet to the Marshals is the reason that the Marshals didn't serve the complaint right away; the fact that the plaintiff has not paid the service fee did not cause any delay. The named defendants executed waivers of service on June 26, 2018, and they filed an answer on July 16, 2018. Dkt. Nos. 16, 21.

So—while the plaintiff is responsible for paying the service fee, the fact that he hasn't had the money to do so before now has not caused any delay in his case.

The plaintiff also filed a motion asking about "how [he] can gain the assistance of a[n] attorney . . . ." Dkt. No. 11. In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the plaintiff must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff must contact at least three lawyers and ask them to represent him. He then must provide the court with the names of the lawyers he contacted as well as the dates he contacted them and copies of any letters they sent to the plaintiff in response to his request for representation.

After the plaintiff demonstrates that he has made those efforts, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing

and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

Because the plaintiff has not shown that he tried to obtain a lawyer without the court's assistance, he has not satisfied the first Pruitt requirement. For that reason, the court will deny his motion. Even if the plaintiff *had* shown that he tried to hire a lawyer, the court still would deny the plaintiff's motion now, because at this early stage in the case, the court believes that the plaintiff can manage the tasks he needs to accomplish.

Finally, the plaintiff filed a letter motion, dkt. no. 23, and a brief, dkt. no. 24, disputing several of the allegations the defendants made in their answer. In the motion, the plaintiff explains that he is not trained in the law, and he doesn't know whether this is what he is supposed to be doing, but he wants to reserve his right to object to what the defendants have said. Dkt. No. 23. The court will deny the plaintiff's motion without prejudice, because it is procedurally incorrect, and is premature.

The plaintiff will get the opportunity to dispute what the defendants have said, but now is not the time. The next step in the federal litigation process is for the parties to conduct "discovery." During discovery, a party gets to ask the other side to provide it with information or documents. For example, Federal Rule of Civil Procedure 33 allows a party to serve interrogatories (written questions) on the other party, to ask about information that may help the party prove its claims or defenses. Fed. R. Civ. P. 34 allows a party to ask the other party to turn over any reports, records or documents that the party thinks it

4

needs to prove its claims or defenses. (The court has included a copy of these rules with this decision.) This way, each side can collect information about what happened, and what evidence is out there that shows what happens. This helps both sides better understand the events that occurred, and helps prepare them to dispute the other party's version of events.

The court will issue a separate scheduling order, giving the parties a deadline by which they must complete discovery. The court advises the plaintiff of several details regarding the discovery process. First, parties serve their discovery requests on *each other*; they do not file them with the court. So the plaintiff should direct his requests to the defendants, and must *mail* those requests to the defendants' lawyer (John A. Nelson, von Briesen & Roper SC, 411 E. Wisconsin Avenue, Suite 1000, Milwaukee, Wisconsin, 53202-4427). He should not file his requests with the court. Second, the rules allow a party thirty (30) days to respond to a discovery request. So when the plaintiff sends his discovery requests to the defendants, he should allow some time for those requests to get from Jackson Correctional Institution to Milwaukee, plus thirty days for the defendants to respond, plus a little time for the responses to get from Milwaukee back to JCI. The plaintiff should not expect to get responses a week or so after he makes his requests. Finally, the deadline that the court will set in the scheduling order is the deadline for *completing* all discovery. This means that a party should not wait until thirty days before the deadline to send discovery requests. If a party waits until thirty days before the deadline to send the discovery requests, he or she will receive their requests on the

thirtieth day; discovery will be over at that point, and that party will not have an opportunity to follow up

The scheduling order also will include a deadline for filing dispositive motions. A dispositive motion gives a party the chance to tell the court why it believes that it should win the case, even if the other party's version of the facts is true. It is a bit unusual for a plaintiff to file a dispositive motion—usually the defendant files one and the plaintiff will respond. When a defendant files a dispositive motion (for example, a summary judgment motion), a plaintiff must respond to each of the defendant's proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact) and he must respond to the legal arguments in the defendant's brief. A plaintiff must support his facts or his disagreement with the defendant's facts with evidence. He can do that by relying on the facts and information he gets during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[1]. An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct.

Based on the plaintiff's filings to date, the court believes he can serve discovery requests on the defendants (by mailing them to the defendants'

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

lawyer) and respond to the discovery requests the defendants serve on him. The court understands that the plaintiff is not in the same institution where his claims arose, so if the plaintiff encounters obstacles during discovery that prevent him from obtaining the information he thinks he needs, he may file a second request for the court to appoint counsel, and may explain to the court why he thinks he cannot handle this case on his own. As a reminder, if the plaintiff renews his request, he must provide evidence to the court that he first tried to obtain the assistance of a lawyer without the court's help.

The court **DENIES without prejudice** the plaintiff's motion for counsel. Dkt. No. 11.

The court **DENIES** the plaintiff's motion to waive the service fee. Dkt. No. 13.

The court **DENIES as premature** the plaintiff's motion to dispute facts. Dkt. No. 23.

Dated in Milwaukee, Wisconsin, this 26th day of July, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

7