UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES MALCOLM MCDONALD,

      Plaintiff,

v.              Case No. 18-cv-123-pp

DENISE GILANYI, *et al.*,

      Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 27) AND GRANTING IN PART PLAINTIFF'S MOTION TO STAY DISCOVERY (DKT. NO. 28)**

  On July 26, 2018, the court denied the plaintiff's motion asking it to recruit a lawyer to represent him on a volunteer basis, because he had not yet tried to secure the help of a lawyer without the court's assistance. Dkt. No. 25. The court went on to explain that, even if the plaintiff had tried to hire a lawyer, the court still would have denied the plaintiff's motion because the court believes he is capable of exchanging discovery with the defendants. Id.

  About a month later, the plaintiff filed another motion asking the court to recruit a lawyer to represent him. Dkt. No. 27. He explains that he contacted three lawyers, but that none of them responded to him. Next, he explains that he doesn't think he can adequately engage in discovery with the defendants because "he does not have the ability to gain discovery information that the defendants have requested." Id. at 2-3. He also explains that he is having trouble obtaining information from Wisconsin Disability Rights, which he believes sent documents to defendant Denise Gilanyi. Id. at 2. Finally, he

1

indicates that he wants to amend his complaint "to include the period of incarceration prior to August 20, 2017." Id. at 2.

The next day, on August 29, 2018, the court received from the plaintiff a motion that further explains his concerns about timely responding to the defendants' document requests. Dkt. No. 28. The plaintiff explains that he does not have money to make copies of the documents that the defendants have requested, nor does he have money to mail copies to the defendants. The plaintiff asks the court to extend the deadline by which he must respond to the defendants' requests, or "possibly provide [him] with a suggestion on how to solve this issue . . . ." Dkt. No. 28 at 2.

With regard to the plaintiff's concerns about timely responding to the defendants' requests, the court reminds the plaintiff that the Federal Rules of Civil Procedure are designed to allow the parties to engage in discovery without the court's involvement. For that to happen, the court expects parties to work with one another informally, to solve problems that may arise during the exchange of information. This approach saves both the court and the parties time and resources.

In saying this, the court does not mean to brush off the plaintiff's concerns. His financial concerns are real. The court's point is that the plaintiff should first raise such concerns with the defendants' lawyer to try to resolve them without the court's involvement. The defendants' lawyer understands the financial constraints prisoner plaintiffs face, and the court is confident that he would be willing to work with the plaintiff to overcome those issues. For

example, under Fed. R. Civ. P. 34, the plaintiff could make the documents available the defendants to inspect at his institution. Alternatively, the defendants' lawyer could pay for the copies and mailing. Alternatively, assuming the defendants' lawyer has access to the plaintiff's medical records, the plaintiff could simply describe by date the records he has, rather than providing a photocopy of them.

The court urges the parties to find a way to address the plaintiff's concerns without the court's involvement. The court will extend the plaintiff's deadline to respond to the defendants' document requests to **September 21, 2018**. This should give the plaintiff time to write to the defendants' lawyer and explain his concerns and suggest some possible solutions. If, after corresponding about this issue, the parties are not able to come to an agreement, the plaintiff may refile his motion and the court will get involved.

With regard to the plaintiff's difficulties obtaining information from Wisconsin Disability Rights, it appears from the plaintiff's motion that he wants information that was sent to one of the defendants in this case. The plaintiff should ask the defendant to provide that information (since it appears to be in her possession), rather than trying to get it from an entity that is not a party to this case. As the court explained in a prior decision, the plaintiff may ask the defendants written questions under Fed. R. Civ. P. 33, or, as the plaintiff already knows, he may ask the defendants to send him documents under Fed. R. Civ. P. 34.

With regard to the plaintiff's desire to amend his complaint, the court notes that, to amend a complaint, a plaintiff must comply with Fed. R. Civ. P. 15 and Civil Local Rule 15. Those rules require the plaintiff to file a motion asking the court for permission to amend his complaint. In his motion, he must identify every change he wants to make to his original complaint. Along with the motion, he must provide a proposed amended complaint. He must use the court's form; the court is sending him a copy with this order. He must write the word "Amended" in front of the word "Complaint" on the front page, and must put the case number for this case—18-cv-123—on the line next to "Case Number." An amended complaint replaces the original complaint, so the amended complaint must be complete in itself, without referring to or relying on the original complaint. In other words, the plaintiff cannot simply say, "I want to add this paragraph; see my original complaint for additional information." Instead, he must put all his allegations and claims in a single document. If the plaintiff files a motion and a proposed amended complaint, the court will screen the amended complaint as required by 28 U.S.C. §1915A.

The court will deny the plaintiff's motions to appoint counsel. The court understands that the plaintiff feels overwhelmed at the prospect of representing himself, but the court continues to believe that he can manage his case on his own for now.

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 27.

The court **GRANTS IN PART** the plaintiff's motion to stay discovery. Dkt. No. 28. The court **EXTENDS** the plaintiff's deadline to respond to the defendants' document requests to **September 21, 2018**.

Dated in Milwaukee, Wisconsin, this 6th day of September, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**