UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES MALCOLM MCDONALD,

          Plaintiff,

v.                                                             Case No. 18-cv-123-pp

DENISE GILANYI, *et al.*,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 30) AND DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT (DKT. NO. 32).**

      Plaintiff James Malcolm McDonald is a prisoner representing himself. He filed his complaint on January 24, 2018. Dkt. No. 1. The court screened the complaint, and allowed the plaintiff to proceed on a claim of deliberate indifference to medical needs against Director Denise, Nurse Samantha, and John/Jane Doe nurses. Dkt. No. 8. The court later entered a scheduling order, giving the plaintiff a deadline of September 21, 2018 to identify the Doe defendants. Dkt. No. 26. On September 24, 2018, the court received a motion from the plaintiff, asking the court to give him additional time to identify the Doe defendants because the named defendants had not yet responded to his discovery requests. Dkt. No. 30. The defendants' lawyer wrote to the court, saying that the defendants did not object to an extension of time for the plaintiff to identify the Doe defendants, due to the number of pages of discovery

1

they provided the plaintiff. Dkt. No. 33. Given that, the court will grant the plaintiff's motion for an extension of time to identify the Doe defendants.

On October 1, 2018, the court received a motion from the plaintiff, asking amend his complaint to add claims related to his 2016 incarceration at Kenosha County Jail and Detention Center. Dkt. No. 32. He attached his proposed amended complaint to the motion. Dkt. No. 32-1.

The proposed amended complaint restates the claims that occurred during his incarceration at the Kenosha County Jail and Detention Center between August 2017 and March 2018. These claims named defendants Denise Gilianyi, Samantha Keeku and John/Jane Doe employees at Kenosha. The plaintiff alleges that the defendants were deliberately indifferent to his medical needs by not appropriately treating his sinus infection or allowing him to properly sanitize his CPAP machine. The new portion of the complaint says that the plaintiff also was in custody at the Kenosha County Detention Center from May 2016 to October 2016. Dkt. No. 32-1 at 3-4. It says that during that time, he "had no CPAP machine available." Id. He says that even though the named defendants and other nurse practitioners and doctors had him sign a release of information, and got a sleep study showing that he has dangerous apnea and was on medication for heart issues, "they ignored and refused to assist [him] with obtaining a CPAP machine." Id. He says that he suffered a medical incident as a result of not having a CPAP machine, and that the incident required him to be hospitalized; he indicates that even after he got out of the

hospital, "the medical department" put him back into the unit without a CPAP machine. Id. He alleges that this showed no regard for his health and safety. Id.

Generally, courts should freely give leave to amend complaints, but there are some exceptions—including "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). For the court to grant the plaintiff's motion to amend the complaint as described above would be futile, because the additional allegations do not state a claim for which the court can grant relief.

The plaintiff does not indicate that he asked anyone for a CPAP machine when he entered KCDC in 2016. He just says that there was no machine available. He says that the two named defendants and other nurse practitioners and doctors had him sign releases; he says that they obtained his sleep study that showed that he had apnea and heart problems. He does not say, however, that the documents the defendants obtained prescribed a CPAP machine for these issues. He does not say that the defendants knew that he needed a CPAP machine. He does not say that as of May 2016, he'd been prescribed a CPAP machine by a medical professional. Unless the defendants knew that the plaintiff had been prescribed a CPAP machine, and that the machine was necessary to prevent serious medical risks to the plaintiff, he cannot show that they were deliberately indifferent to those serious medical risks.

Because the plaintiff has not alleged that he had been prescribed a CPAP machine, or that he had to have a CPAP machine to avoid serious medical risk, or that the defendants—named or unnamed—knew that not having a CPAP

machine would put him at serious medical risk, the court will deny as futile the plaintiff's motion to amend the complaint.

The court **DENIES** the plaintiff's motion to amend his complaint. Dkt. No. 32.

The court **GRANTS** the plaintiff's motion to extend the deadline to identify the Doe defendants to **Friday, February 15, 2019**. Dkt. No. 30. The court **ORDERS** that the deadline for completing discovery is **EXTENDED** to **Monday, May 13, 2019**, and the deadline for dispositive motions to **Friday, June 14, 2019**.

Dated in Milwaukee, Wisconsin, this 11th day of January, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**