UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES MALCOLM MCDONALD,

          Plaintiff,

v.                                    Case No. 18-cv-123-pp

DENISE GILANYI, *et al.*,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS MOTION TO AMEND COMPLAINT (DKT. NO. 43), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 36) AND GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE NAMES FOR DOE PLACEHOLDERS (DKT. NO. 36)**

      Plaintiff James Malcolm McDonald is a prisoner representing himself. The plaintiff filed his original complaint on January 4, 2018. Dkt. No. 1. On March 14, 2018, the court issued an order screening the complaint and allowing the plaintiff to proceed on a claim of deliberate indifference to medical needs against Director Denise, Nurse Samantha, and John/Jane Doe nurses. Dkt. No. 8. On January 11, 2019, the court granted the plaintiff's motion to extend the time to identify the Doe defendants until February 15, 2019. Dkt. No. 35. In that order, the court also denied the plaintiff's October 1, 2018 motion to amend his complaint, dkt. no. 32, after determining that amending the complaint would be futile. Dkt. No. 35.

      On January 17, 2019, the court received from the plaintiff another motion to amend the complaint. Dkt. No. 36. The plaintiff indicated that he wanted to provide the names of some of the Doe defendants, and to "note the

1

following statement of claim." Id. at 2-3. Rather than attaching to his motion a separate, proposed amended complaint, the plaintiff just listed in the motion the changes that he wanted to make to the complaint—a claim arising out of his incarceration at the Kenosha County Jail and Detention Center between May 2016 and October 2016 alleging that the defendants ignored his request for a CPAP machine. Id. at 3. This is the same claim that the plaintiff proposed to add in his October 1, 2018 motion.

On March 14, 2019, the plaintiff filed a new lawsuit that contains the claims from his January 17 motion. McDonald v. Kenosha Cty. Health Servs, *et al.*, Case No. 19-cv-391. The same day—March 14, 2019—the court received in *this* case a motion, asking the court to "dismiss" the second amended complaint (apparently referring to the claim he tried to raise in his January 17, 2019 motion) and indicating that he'd decided to pursue that claim in a separate case. Dkt. No. 43.

The plaintiff has not filed a second amended complaint. He has not even filed a first amended complaint. In October 2018, he asked the court to allow him to amend his complaint, but the court denied that motion. The January 17, 2019 motion asked for permission to file an amended complaint, but did not provide the court with a proposed amended complaint (a separate document, captioned "Amended Complaint," listing all the defendants and all the claims in one document). So there is no amended complaint for the court to dismiss.

The court will deny the plaintiff's January 17, 2019 motion to amend the complaint for three reasons. First, as the court already has noted, the plaintiff did not actually provide the court with a proposed amended complaint. Second, as the court told the plaintiff back in January, it would have been futile for him to amend the complaint in this case in the way he wanted to. Finally, his motion is moot, because he now has filed a separate lawsuit pursuing the very claim he wanted to add to this case.

The court notes, however, that in the January 17, 2019 motion, the plaintiff identified two of the Doe defendants from the original complaint—Nurse Practitioner R. Swenson and Dr. Dorrani. Dkt. No. 36 at 1, 3. While the defendants objected to the motion to amend the complaint, they did not object to the plaintiff's identification of two of the Doe defendants. Dkt. No. 37 at 1-2. They surmise that Swenson is the "Nurse Practitioner" the plaintiff identified in the complaint. Id. at 2. They note that the plaintiff did not mention a doctor in the complaint, so they can't figure out which Doe defendant Durrani might be, but they understand that the plaintiff is asserting that Durrani was somehow involved in the events he alleged in the complaint. Id. In his reply, the plaintiff provided a few details about the role he alleges that Swenson and Durrani played in the events he alleged in the complaint. Dkt. No. 39. The court will treat this part of the January 17, 2019 motion as a motion to substitute names for Doe placeholders, and will grant that part of the motion.

Finally, the court notes that the deadline for completing discovery is May 13, 2019, and the deadline for filing dispositive motions is June 14, 2019. Dkt.

3

No. 35. At the end of his motion to dismiss the January 17, 2019 motion, the plaintiff stated that he wanted to "make the court aware" that he'd asked for discovery, that he'd written the defendants' counsel once or twice asking for certain information, and that he had not received the information (which he states he requested in October 2018). Dkt. No. 43 at 2. The court encourages the plaintiff to try to work out any discovery disputes by writing letters to counsel for the defendants (and encourages defendants' counsel to respond to the plaintiff's letters). If, after trying in good faith to work out discovery disputes with the other side, the plaintiff does not receive the information he requested, he may review Fed. R. Civ. P. 37 and Civil Local Rule 37 (which the court has included with this order) for information on how to proceed.

The court **GRANTS** the plaintiff's motion to dismiss his January 17 motion to amend the complaint. Dkt. No. 43.

The court **DENIES** the portion of the plaintiff's January 17, 2019 motion that asks leave to amend his complaint. Dkt. No. 36.

The court **GRANTS** the portion of the plaintiff's January 17, 2019 motion that asks to substitute the names of John/Jane Doe defendants. Dkt. No. 36.

The court **ORDERS** that the clerk's office shall substitute Nurse Practitioner R. Swenson and Dr. Dorrani for the John/Jane Doe defendants.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint, dkt. no. 1, the court's screening order, dkt. no. 8, and this order on defendants Swenson and Dorrani under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or

attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Swenson and Dorrani to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin, this 19th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**