UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES MALCOLM MCDONALD,

                Plaintiff,

v.                                                   Case No. 18-cv-123-pp

DENISE GILANYI, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(DKT. NO. 46)**

---

On September 6, 2018, the court denied the plaintiff's second motion asking it to recruit a lawyer to represent him on a volunteer basis. Dkt. No. 29. The court found that the plaintiff had shown he'd made an effort to find a lawyer on his own, but the court believed he was capable of exchanging discovery with the defendants. Id. Since then, the plaintiff has tried to amend his complaint several times. The court denied his first attempt in an order dated January 11, 2019, finding that allowing him to amend the complaint would be futile. Dkt. No. 35. The court's order explained what was missing from the complaint. Id. The plaintiff filed another motion to amend on January 17, 2019, dkt. no. 36, and another on March 15, 2019, dkt. no. 37. In an April 19, 2019 order, the court denied those motions—in part because the plaintiff had filed a separate lawsuit, asserting the same claims he sought to bring by amending the complaint in this case. Dkt. No. 44.

After the court entered that order, the plaintiff filed another motion asking the court to recruit a volunteer lawyer, incorporating his previous motion to recruit counsel. Dkt. No. 46. In the most recent motion, the plaintiff

states that he needs an attorney because he has no legal experience, which is impeding him in obtaining his desired outcomes as the case progresses. Id. He says that from his reading of the court's April 19 order, he "failed in submitting what he believed to be 2 successful motions." Id.

In exercising its discretion to recruit an attorney for a plaintiff in a civil case who is unable to afford one, the court does not consider whether the plaintiff can successfully obtain the outcome he wants in the case. The court must decide only whether the plaintiff has the ability to competently present his case. Pennewell v. Parish, 2019 WL 1975338 at *3 (7th Cir. 2019) (quoting Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007)). The "question is not whether the *pro se* litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a lay person to coherently litigate the case." Id. The court must consider whether the plaintiff can gather evidence, prepare court filings, respond to court filings, respond to motions and navigate discovery. Id.

The court finds that the plaintiff can litigate his case and respond to dispositive motions. He understood the reasoning in the court's orders denying his motions to amend the complaint. He presented the claims he says he wants to present in a separate lawsuit. He has been clearly and effectively communicating with the court. He has been able to conduct discovery; he got the necessary information to substitute the appropriate names for the John Doe plaintiffs.

The court will deny without prejudice the plaintiff's motion to recruit a lawyer. If circumstances change, or the plaintiff encounters obstacles that he cannot handle on his own, he may renew the motion.

The plaintiff has sued four defendants. Three of them—defendants Gilanyi, Keeku and Swenson—have answered the complaint. Defendant Dorrani, who was added to the case on April 19, 2019, has not yet responded. On July 26, 2018—before Dorrani and Swenson had been identified as defendants—the court issued a scheduling order, setting deadlines for conducting discovery and filing dispositive motions. Dkt. No. 26. On January 11, 2019, the court modified that order, setting a new discovery deadline for May 13, 2019 and a dispositive motion deadline of June 14, 2019. Dkt. No. 35. The plaintiff's motion asked the court to extend the dispositive motions deadline. Dkt. No. 46 at 3. The court will grant that request.

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 46.

The court **GRANTS** the plaintiff's request to extend the dispositive motion deadline. The court **ORDERS** that a party wishing to file a dispositive motion must file it in time for the court to receive it by the end of the day on **July 15, 2019**. A party opposing a dispositive motion must file a response within thirty days of service of the motion.

Dated in Milwaukee, Wisconsin, this 30th day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**